```
THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK KORTUM
Assistant United States Attorney
California Bar No. 110984
     United States Courthouse
     312 N. Spring Street, Suite 1400
     Los Angeles, California 90012
     Telephone:  (213) 894-5710
     Facsimile:  (213) 894-7177
     Email:      frank.kortum@usdoj.gov

Attorneys for Plaintiff
United States of America
```

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. SACV 06-1060-JVS (RNBx) |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT** |
| REAL PROPERTY IN SANTA ANA, CALIFORNIA, | [NOTICE OF LODGING CONSENT JUDGMENT LODGED CONCURRENTLY HEREWITH] |
| Defendant. | |
| JOSE LUIS GARCIA, | |
| Claimant. | |

On November 3, 2006, plaintiff United States of America ("plaintiff" or the "government") filed a Complaint for Forfeiture

FDK:ka

against the defendant real property[1] located at 1107 South Center Street, Santa Ana, California 92704 (the "defendant property"). The government alleged that the defendant property was subject to forfeiture pursuant to 21 U.S.C. § 881(7).

Claimant Jose Luis Garcia ("claimant") filed a verified claim on December 6, 2006 and an answer on December 21, 2006. Claimant subsequently died while in prison. Thus, this matter is now being handled on behalf of claimant by a representative of claimant's estate ("claimant's estate"). No other claims, statements of interest, or answers have been filed, and the time for filing claims, statements, and answers has expired.

The government and claimant's estate have agreed to settle this forfeiture action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the consent of plaintiff and claimants,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(7).

3. Notice of this action has been given as required by law. Claimant filed the only claim and answer. The Court deems that all

---

[1] The legal description of the defendant real property (Assessor's Parcel No. 109-444-35) is described as: Lot 67 of tract no. 3353, in the City of Santa Ana, County of Orange, State of California, as per map recorded in Book 103, page 42, 43 and 44 of miscellaneous maps, in the Office of the County Recorder of said County.

other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

    4. Claimant's estate agrees to forfeiture as set out below. A judgment of forfeiture is hereby entered in favor of the United States, which shall dispose of the following defendant property in accordance with the law:

> (A) Within ninety (90) calendar days of the entry of judgment, claimant's estate will pay the government $50,000.00 as a substitute *res* for the defendant real property, which sum shall be condemned and forfeited to the United States in accordance with law. Payment shall be made in the form of a cashier's check payable to the United States Treasury Department. The cashier's check shall be delivered to Assistant United States Attorney Frank D. Kortum at United States Courthouse, 312 North Spring Street, Suite 1400, Los Angeles, California 90012. In the event that claimant's estate makes the $50,000.00 timely payment under the terms of this Consent Judgment, the government shall release the defendant real property to the heirs of the claimant by providing an original Withdrawal of Lis Pendens to claimant's estate; <u>or</u>

> (B) If claimant's estate fails to make the $50,000.00 payment to the government within ninety calendar days of the entry of judgment, the defendant real property shall be condemned and forfeited to the United States of America and shall be disposed of in accordance with law. The government shall receive $50,000.00 out of the net proceeds from the

sale of the defendant real property, and claimant's estate shall receive any remainder.[2]

5. This Consent Judgment shall be included as part of the instructions for any escrow opened in connection with a refinance of the defendant real property.  Such instructions shall provide that the payment called for herein shall be made directly out of escrow.  The payment to the United States, as directed above, shall include a copy of the final settlement statement.  Upon the opening of escrow for a refinance, the government's counsel shall be provided with a certified copy of the escrow instructions showing that this Consent Judgment has been incorporated into those instructions.  If claimant's estate refinances the defendant real property, the government will submit an original Withdrawal of Lis Pendens into escrow, which shall be recorded only in connection with the closing of escrow and the payment called for herein.

6. The parties will execute further documents, to the extent necessary, to convey clear title to the defendant property and to further implement the terms of this Consent Judgment.

7. Claimant's estate waives the redacting and sealing requirements of L.R. 79-5.4.

8. Claimant's estate hereby releases the United States of America, its agencies, officers, and employees, including employees of the Drug Enforcement Agency, and local law enforcement agencies, their agents, officers, and employees, from any and all claims,

---

[2] "Net Proceeds" as used herein shall mean the gross proceeds of sale less payment of valid liens, closing costs, and the costs of sale.

1 | actions, or liabilities arising out of or related to this action,
2 | including, without limitation, any claim for attorneys' fees, costs,
3 | or interest on behalf of claimants, whether pursuant to 28 U.S.C. §
4 | 2465 or otherwise.  Plaintiff hereby release claimant and claimant's
5 | estate (1) from any claims concerning the forfeitability of the
6 | defendant real property based on the allegations of the complaint
7 | (specifically excluding unknown claims and any potential criminal
8 | tax claims).
9 |         9. The Court finds that there was reasonable cause for the
10 | institution of these proceedings against the defendant real
11 | property.  This judgment shall be construed as a certificate of
12 | reasonable cause pursuant to 28 U.S.C. § 2465.
13 |         10.    The Court further finds that claimant's estate did
14 | not substantially prevail in this action, and the parties shall bear
15 | their own attorneys' fees and other costs of litigation.
16 |
17 | DATED: May 27, 2009
18 |                             _____
                                 THE HONORABLE JAMES V. SELNA
                                 UNITED STATES DISTRICT JUDGE
19 |
20 |
21 |
22 |
23 |
24 |
25 | //
26 | //
27 | //
28 |

FDK:ka

1  //

<u>CONSENT</u>

The government and claimant's estate consent to judgment and waive any right to appeal.

DATED: May ___, 2009          THOMAS P. O'BRIEN
                              United States Attorney
                              CHRISTINE C. EWELL
                              Assistant United States Attorney
                              Chief, Criminal Division
                              STEVEN R. WELK
                              Assistant United States Attorney
                              Chief, Asset Forfeiture Section


                              _____
                              FRANK D. KORTUM
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              United States of America

DATED: May ___, 2009          FARZAD & MAZAREI, ALC


                              _____
                              TANNAZ "TAWNY" MAZAREI
                              DANIELLE K. WAKEFIELD
                              Attorneys for Claimant Jose Luis
                              Garcia and Claimant's Estate